IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTGOMERY TOWNSHIP and MONTGOMERY TOWNSHIP POLICE DEPARTMENT and EAST NORRITON TOWNSHIP and EAST NORRITON TOWNSHIP POLICE DEPARTMENT<br><br>  Plaintiffs<br><br>  v.<br><br>FORD MOTOR COMPANY,<br><br>  Defendant. | Civil Action No. C-02-297 |

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Ford Motor Company ("Ford"), by and through its attorneys, admits, denies, and states as follows:

**PARTIES**

1   States that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2   States that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3   States that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4   Denies each and every allegation in Paragraph 4 of the Complaint except admits that Ford is a corporation whose principal offices are located at The American Road, Dearborn, Michigan; 48121 and admits that Ford does business in Pennsylvania.

## FACTUAL BACKGROUND

5     States that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint except admits that Montgomery Township Police Department owns several Ford Crown Victoria vehicles.

6     States that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint except admits that East Norriton Township Police Department owns several Ford Crown Victoria vehicles.

7     Denies each and every allegation in Paragraph 7 of the Complaint except admits that the fuel tank in Ford Crown Victoria vehicles is located behind the rear axle and admits that vehicles stopped on road shoulders face the risk of being hit in the rear.

8     Denies each and every allegation in Paragraph 8 of the Complaint except admits that Ford assembles vehicles (including the Crown Victoria vehicle) from component parts which are, in whole or in part, designed and manufactured by others; admits that Ford distributes vehicles to independent authorized dealers, who in turn sell them to customers nationwide. Denies specifically that Ford sells any vehicles (including the Crown Victoria vehicles) directly to consumers.

9     Denies each and every allegation in Paragraph 9 of the Complaint.

10     Denies each and every allegation in Paragraph 10 of the Complaint except admits that it has not recalled Ford Crown Victoria vehicle for reasons related to the fuel tank.

## STRICT LIABILITY

11     Ford reasserts its answers to Paragraphs 1-10 of the Complaint.

12     Denies each and every allegation in Paragraph 12 of the Complaint. Denies specifically that Ford sells any vehicles (including the Crown Victoria vehicle) directly to consumers.

13    Denies each and every allegation in Paragraph 13 of the Complaint.

14    Denies each and every allegation in Paragraph 14 of the Complaint. Denies specifically that Ford sells any vehicles (including the Crown Victoria vehicle) directly to consumers.

## BREACH OF WARRANTY

15    Ford reasserts its answers to Paragraphs 1-14 of the Complaint.

16    Denies each and every allegation in Paragraph 16 of the Complaint.

17    Denies each and every allegation in Paragraph 17 of the Complaint.

18    Paragraph 18 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 18 of the Complaint.

## NEGLIGENCE

19    Ford reasserts its answers to Paragraphs 1-14 of the Complaint.

20    Paragraph 20 of the Complaint, and its subparts (a) through (k) state legal conclusions to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 20 of the Complaint, including its subparts (a) through (k).

## CLASS ACTION ALLEGATIONS

21    Denies each and every allegation in Paragraph 21 of the Complaint except admits that plaintiffs purport to bring a class action as described in Paragraph 21 of the Complaint. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

Register to Remove Trial Watermark!!

22      Denies each and every allegation in Paragraph 22 of the Complaint. States to the contrary that, because this action may not be maintained as a class action, there is no class so numerous that joinder of all of the putative class members is impracticable.

23      Denies each and every allegation in Paragraph 23 of the Complaint. States to the contrary that individual questions of law and fact predominate over any common questions and that class action treatment should be denied.

24      Denies each and every allegation in Paragraph 24 of the Complaint, including its subparts (a) through (f). States to the contrary that individual questions of law and fact predominate over any common questions and that class action treatment should be denied.

25      Denies each and every allegation in Paragraph 25 of the Complaint. States to the contrary that the named plaintiffs' claims, to the extent any claims exist, are not "typical" of any claims possessed by other members of the putative class and that the request for class action treatment should be denied.

26      Denies each and every allegation in Paragraph 26 of the Complaint, including its subparts (a) through (c), except states that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding (1) the plaintiffs' and plaintiffs' counsel's ability to vigorously, fairly and adequately protect the interests of the putative class; (2) whether plaintiffs have any interests that conflict with or are antagonistic to the interests of the putative class members; (3) the competence of plaintiffs' counsel; and (4) plaintiffs' financial resources.

27      Denies each and every allegation in Paragraph 27 of the Complaint.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Ford further denies each and every allegation in the Complaint not heretofore specifically admitted, including those portions of the Complaint requesting relief. Ford

Register eDocPrinter PDF Pro Online Now!!

Register to Remove Trial Watermark!!

specifically denies that this action may be maintained as a class action on behalf of any proposed class.  Ford specifically denies that plaintiffs or anyone else claiming to be a member of the purported class are entitled to damages of any kind, injunctive relief of any kind (including injunctive relief that would require Ford to recall or modify any Crown Victoria vehicles), interest, attorney fees (statutory or otherwise), litigation expenses, or to any other relief of any kind whatsoever.  Ford further requests that the Complaint be dismissed with prejudice and that defendant be awarded its costs and such other relief as the court deems proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against defendant Ford Motor Company ("Ford") upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against defendant Ford Motor Company ("Ford") upon which relief can be granted for breach of warranty (express or implied) or upon any other theory.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against Ford upon which relief can be granted for negligence or upon any other theory.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against Ford upon which relief can be granted for strict liability or upon any other theory.

Register eDocPrinter PDF Pro Online Now!!

Register to Remove Trial Watermark!!

### FIFTH AFFIRMATIVE DEFENSE

Putative class members who experienced no manifestation of the alleged defect have no claim against defendant upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members who did not comply with operation and maintenance requirements and with all other conditions precedent to receiving service under the limited written warranty on their vehicles are barred from recovery.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members who failed to present their vehicles to an authorized Ford dealer for repair of the alleged defects within the written warranty period, the duration of which is reasonable and legal, have no claim against defendant upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members who presented their vehicles to an authorized Ford dealer for warranty service and received such service have no claim against defendant upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action as described in the Complaint as a class action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim to a class action should be denied because variations from vehicle to vehicle preclude the introduction of classwide proof as to the alleged defect or failure.

Register eDocPrinter PDF Pro Online Now!!

Register to Remove Trial Watermark!!

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim to a class action should be denied because the claim of each named plaintiff or absentee based on an incident of alleged defect manifestation is that of an individual for a separate alleged incident, unique and without a cognizable class.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery to the extent that they have failed to give timely and sufficient notice of breach or of other non-compliance, as is required by relevant statutes, customs, or legal principles.

THIRTEENTH AFFIRMATIVE DEFENSE

The vehicles of plaintiffs and others claimed to be members of the purported class complied with state-of-the art technology at the time of manufacture and at the time of original retail sale.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

Register eDocPrinter PDF Pro Online Now!!

Register to Remove Trial Watermark!!

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because of the collateral estoppel effect of prior judgments.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments, on parts of some or all claims asserted herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

### NINTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, by release as to those claims.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, on the ground that they are subject to the defense of accord and satisfaction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery on the ground that defendants have discharged their obligations to such claimants.

Register eDocPrinter PDF Pro Online Now!!

Register to Remove Trial Watermark!!

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the putative class may be barred, in whole or in part, from recovery by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that plaintiffs seek punitive damages, without qualification or limitation, this claim violates defendant's right to due process under the United States Constitution and comparable provisions of the Texas Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Ford denies that it is guilty of conduct with respect to which punitive damages could or should be awarded, and denies that plaintiffs have offered evidence sufficient to support or sustain the imposition of punitive damages against defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages from Ford pursuant to the facts as alleged in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Imposition of punitive damages against Ford in this case would contravene the Commerce Clause of the United States Constitution in that such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To award punitive damages against Ford in this case would have a chilling effect upon defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Constitutions of many states, separately and severally.

Register eDocPrinter PDF Pro Online Now!!

Register to Remove Trial Watermark!!

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To award punitive damages against defendant in this case would violate the Contracts Clause of Article I, Section 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations of any contracts involving the plaintiffs and Ford.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### THIRTIETH AFFIRMATIVE DEFENSE

The claims of plaintiffs and others claimed to be members of the proposed class may be barred, in whole or in part, from recovery, due to their contributory negligence.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery due to their assumption of the risk.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and the vehicle owners claimed to be members of the purported class lack standing to assert claims under the Complaint because they have alleged no cognizable injury.

### THIRTY-THIRDAFFIRMATIVEK DEFENSE

The claims of plaintiffs and others claimed to be members of the purported class are time-barred, in whole or in part, under applicable statutes of limitations.

Register eDocPrinter PDF Pro Online Now!!

Register to Remove Trial Watermark!!

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class who experienced no manifestation of the alleged defects within the limited written and implied warranty period have no claim against defendant upon which relief can be granted.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class who did not comply with operation and maintenance requirements and with all other conditions precedent to receiving service under the limited written warranty on their vehicles are barred from recovery.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and other putative class members lack vertical privity with Ford and therefore cannot state a claim for breach of implied warranty under the laws of various states.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and other putative class members who misused and/or abused the vehicle that they claim is defective, or who otherwise were contributorily or comparatively negligent, are barred, in whole or in part, from recovery.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class whose allegedly defective vehicles have been altered are barred, in whole or in part, from recovery.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class members may be barred, in whole or in part, from recovery due to the intervening negligence of another party.

Register eDocPrinter PDF Pro Online Now!!

Register to Remove Trial Watermark!!

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because the alleged problems in their vehicles involved an intervening cause or were attributable, in whole or in part, to a cause other than the vehicle defect alleged by the Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege a breach of any obligation defendant assumed under its limited written warranty.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim to a class action should be denied because the laws of different states vary with regard to implied and express warranty actions, and no nationwide class can be established to apply the law of any single state.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' tort-based claims are barred by the economic loss doctrine as applied in some states.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims to a class action should be denied because variations from vehicle to vehicle and year to year among the vehicles complained of preclude the introduction of class-wide proof as to the alleged defect or failure mode.

WHEREFORE, Defendant prays that the Court determine and adjudge:

(a)   that this suit cannot be maintained as a class action;

(b)   that the Complaint be dismissed on the merits;

Register eDocPrinter PDF Pro Online Now!!

**Register to Remove Trial Watermark!!**

(c) that Plaintiff take nothing by the Complaint;

(d) that Ford be awarded its costs, disbursements and attorneys' fees and expenses incurred herein; and

(e) that Ford be awarded such other and further relief as the Court may deem proper.

Date: July 23, 2002                                  Respectfully submitted:

_____
C. Scott Toomey
Robert Toland, II
CAMPBELL, CAMPBELL, EDWARDS &
CONROY, P.C.
Three Glenhardie Corporate Center
1265 Drummers Lane, Suite 200
Wayne, PA 19087
(610) 964-1900

John H. Beisner
Brian C. Anderson
Teresa E. Dawson
O'MELVENY & MYERS LLP
555 13th Street, NW
Suite 500 West
Washington, D.C. 20004
(202) 383-5300

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

**Register eDocPrinter PDF Pro Online Now!!**

Register to Remove Trial Watermark!!

## CERTIFICATE OF SERVICE

I certify that on this 23th day of July, 2002, I caused copies of the forgoing DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT to be served by first-class U.S. Mail, postage prepaid on:

Edward Rubin, Esquire
Hamburg, Rubin, Mullin, Maxwell & Lupin
375 Morris Road
P.O. Box 1479
Lansdale, PA 19446-0773

_____
C. Scott Toomey
Robert Toland, II
CAMPBELL, CAMPBELL, EDWARDS &
CONROY, P.C.
Three Glenhardie Corporate Center
1265 Drummers Lane, Suite 200
Wayne, PA 19087
(610) 964-1900

Register eDocPrinter PDF Pro Online Now!!