IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTGOMERY TOWNSHIP, MONTGOMERY TOWNSHIP POLICE DEPARTMENT, EAST NORRITON TOWNSHIP, EAST NORRITON TOWNSHIP POLICE DEPARTMENT,<br><br>PLAINTIFFS<br><br>vs.<br><br>FORD MOTOR COMPANY<br>    DEFENDANT. | CIVIL ACTION NO. 02-CV-4710 |

**NOTICE OF FILING OF AMENDED MOTION FOR TRANSFER
AND CONSOLIDATION FOR PRETRIAL PROCEEDINGS**

Defendant Ford Motor Company ("Ford") hereby notifies this Court that on Tuesday July 30, 2002, it filed an amended motion with the Judicial Panel on Multidistrict Litigation (the "MDL Panel") for an order: (a) transferring this action and four other virtually identical purported class actions to a single district court; and (b) consolidating those actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. Defendants have suggested to the MDL Panel that the cases be transferred either to this Court, the U.S. District Court for the Southern District of Texas, the U.S. District Court for New Jersey, or the Western District of Arkansas (the location of the other similar actions). As required by Rule 7(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants have attached to this notice a copy of the motion filed with the MDL Panel.

As is explained in the attached motion papers, the pending Ford Crown Victoria Police Interceptor fuel tank actions present a paradigm situation for MDL treatment, and Defendants therefore expect their MDL transfer motion to be granted. Although a district court

DC1:521616.1

retains jurisdiction over a case proposed for MDL transfer to another court pending the MDL Panel's ruling on the transfer motion, courts regularly stay proceedings in the individual cases in anticipation of their impending transfer and consolidation before an MDL Panel designated court.  *See, e.g., Washington v. Bayer Corp.*, No. 02-0698, 2002 WL 1308590 (E.D. La. June 12, 2002); *Knearem v. Bayer Corp.*, No. 02-2096-CM, (D. Kansas May 7, 2002); *American Seafood, Inc. v. Magnolia Processing, Inc.*, No. 92-1030, 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.*, 1988-1 Trade Cas. (CCH) ¶ 68,015 (S.D.N.Y. 1988); *Portnoy v. Zenith Labs.*, No. 86-3512, 1987 WL 10236 (D.D.C. Apr. 21, 1987).

Defendants are not formally proposing at this time that discovery or other activities in this case be stayed.  However, Defendants do suggest that the Court may wish to defer taking any formal actions in this case—such as scheduling a Fed. R. Civ. P. 26(f) conference, requiring Fed. R. Civ. P. 26(a)(1) disclosures, or entertaining any motions that may be filed.  The judge to whom the cases will be transferred pursuant to 28 U.S.C. § 1407 will have authority to preside over such pretrial case management activities and rule on such motions.  Indeed, allowing the MDL transferee judge to rule on any motions would be preferable from a judicial economy and coordination standpoint because the issues presented in these motions may be similar to those in the other action and in the other "tag-along" cases that Defendants expect will be filed.  Thus, deferring further briefing and any rulings on any motions filed would avoid needlessly duplicative pretrial efforts.  *Cf. Rosenfeld*, 1988-1 Trade Cas. at 58,191 (deferral of briefing and rulings on pending motions "further[s] the underlying purposes of coordination of multidistrict litigation).  In *American Seafood*, 1992 U.S. Dist. LEXIS 7374 at *5-6, the court expressed concern that if it proceeded with ruling on pending motions that were also presented in

the other cases proposed for MDL status, "the defendants may be forced to prosecute or defend similar motions [more than once] and the decisions of [the courts involved] may be in conflict." The court therefore concluded that "[t]he duplicative motion practice . . . demonstrates that judicial economy and prejudice to the defendants weigh heavily in favor of" deferring action. *Id.*

Dated:  July 31, 2002

          Respectfully submitted:

          _____
          C. Scott Toomey
          Robert Toland, II

          CAMPBELL, CAMPBELL EDWARDS &
           CONROY, LLP
          Three Glenhardie Corporate Center
          1265 Drummers Lane, Suite 200
          Wayne, PA 19087
          (610) 964-1900

          ATTORNEY FOR DEFENDANT FORD MOTOR COMPANY

<u>Of Counsel</u>

John H. Beisner
Brian C. Anderson
Teresa E. Dawson
Kelly J. Riordan
Garrett W. Wotkyns
O'Melveny & Myers LLP
555 13th Street, N.W., Suite 500 West
Washington, D.C.  20004-1109
(202) 383-5300 – Telephone
(202) 383-5414 – Fax

Register to Remove Trial Watermark!!

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of NOTICE OF FILING OF AMENDED MOTION FOR TRANSFER AND CONSOLIDATION FOR PRETRIAL PROCEEDINGS was served on July 31, 2002, via United States first class mail, postage prepaid and addressed as follows:

Edward Rubin, Esquire
Hamburg, Rubin, Mullin, Maxwell & Lupin
375 Morris Road
P.O. Box 1479
Lansdale, PA 19446-0773

 

                                              _____
                                              C. Scott Toomey, Esquire
                                              Robert Toland, II Esquire

Register eDocPrinter PDF Pro Online Now!!