IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTGOMERY TOWNSHIP, | : | Civil Action No. 02-CV-4710 |
| MONTGOMERY TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| EAST NORRITON TOWNSHIP, and | : | |
| EAST NORRITON TOWNSHIP | : | |
| POLICE DEPARTMENT | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| FORD MOTOR COMPANY | : | |
| Defendant | : | |

ORDER

AND NOW, this        day of                , 2002, upon consideration of the Motion for Remand filed by Plaintiffs, and all responses thereto, it is hereby ORDERED AND DECREED that said Motion is granted and this case is remanded to the Court of Common Pleas of Montgomery County, Pennsylvania.

The Clerk of Court shall forthwith cause the file and record to be delivered to the Prothonotary of the Court of Common Pleas of Montgomery County, Pennsylvania.

BY THE COURT,

_____
                                                    J.

012081302

EDWARD RUBIN, ESQUIRE                                    20,854-000
IDENTIFICATION NO. 09516
HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
375 MORRIS ROAD
P.O. BOX 1479                                            ATTORNEYS FOR
LANSDALE, PA  19446-0773                                 PLAINTIFFS
(215) 661-0400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONTGOMERY TOWNSHIP,                    :   Civil Action No. 02-CV-4710
MONTGOMERY TOWNSHIP                      :
POLICE DEPARTMENT,                       :
EAST NORRITON TOWNSHIP, and              :
EAST NORRITON TOWNSHIP                   :
POLICE DEPARTMENT                        :
                          Plaintiffs     :
                                         :
        v.                               :
                                         :
FORD MOTOR COMPANY                       :
                          Defendant      :

## PLAINTIFFS' MOTION FOR REMAND

1.    This matter concerns alleged defects with Ford Crown Victoria Police Interceptors.

2.    Plaintiffs filed a class action lawsuit concerning the Police Interceptors on behalf of themselves and other municipalities within Montgomery County, Pennsylvania in the Court of Common Pleas of Montgomery County on July 1, 2002.  A true and correct copy of that Complaint is attached hereto, marked Exhibit "A", and made a part hereof.

3.    Plaintiffs' Complaint contains an unliquidated claim for damages.

4.    On or about July 16, 2002, Defendant filed a Notice of Removal on the basis of diversity and federal question jurisdiction.

5.     In the event of an unliquidated claim involving a class action, the Defendant attempting to remove a matter bears the burden of proving that the claims of each of the named Plaintiffs meet the jurisdictional threshold of $75,000.  See Russ v. State Farm Mut. Auto Ins. Co., 961 F. Supp. 808, 810 (E.D.Pa. 1997).

6.     For the reasons more particularly set forth in the Memorandum accompanying this Motion, Defendant cannot meet its burden of proving that the claims of each of the named Plaintiffs meets the diversity jurisdictional threshold of $75,000.00.

7.     Defendant alleges that this Court has federal question jurisdiction because Plaintiffs' Complaint "implicates" the National Traffic and Motor Vehicle Safety Act.

8.     In a matter in which federal question jurisdiction has been asserted on the basis of a defense of preemption, the Defendant has the burden of proving that Plaintiff's cause of action is completely preempted by the federal act in question.  See Lennon v. Bridgestone/Firestone, Inc., 2000 WL 1570645 (E.D.Pa. 2000).

9.     For the reasons more particularly set forth in the Memorandum accompanying this Motion, Defendant cannot meet its burden of proving that Plaintiffs' cause of action is completely preempted by the National Traffic and Motor Vehicle Safety Act.

WHEREFORE, Plaintiffs respectfully request this Court to issue an Order remanding this matter to the Court of Common Pleas of Montgomery County, Pennsylvania.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN


By: _____

Dated: _____                    Edward Rubin, Esquire

012081302

EDWARD RUBIN, ESQUIRE                                    20,854-000
IDENTIFICATION NO. 09516
HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
375 MORRIS ROAD
P.O. BOX 1479                                            ATTORNEYS FOR
LANSDALE, PA  19446-0773                                 PLAINTIFFS
(215) 661-0400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTGOMERY TOWNSHIP, | : | Civil Action No. 02-CV-4710 |
| MONTGOMERY TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| EAST NORRITON TOWNSHIP, and | : | |
| EAST NORRITON TOWNSHIP | : | |
| POLICE DEPARTMENT | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| FORD MOTOR COMPANY | : | |
| Defendant | : | |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO
REMAND

I.    CASE BACKGROUND

This matter involves Ford Crown Victoria Police Interceptors ("Police Interceptors")
designed, manufactured and sold by Defendant Ford Motor Company for use by police
departments.  Plaintiffs filed a class action Complaint on behalf of themselves and other
municipalities within Montgomery County, Pennsylvania, who own Police Interceptors, in the
Court of Common Pleas of Montgomery County, on July 1, 2002.  Plaintiffs' Complaint alleges
that the Police Interceptors are defective in that the gas tank is improperly located and designed
and thus prone to leaks, fires and explosions when the vehicle is struck from behind.  This defect

has lead to several cases of severe burn injuries and deaths of police officers nationwide since 1992.

On or about July 16, 2002, Defendant filed a Notice of Removal with this Court. Defendant's Notice alleges both diversity and federal question jurisdiction. Plaintiffs have filed a Motion for Remand. This memorandum is offered in support of Plaintiffs' Motion.

II.    ISSUES

A.    Whether this matter should be remanded when Defendant has failed to meet its burden of proving that the amount in controversy as to each of the named Plaintiffs exceeds the diversity jurisdictional threshold of $75,000?

(Suggested answer, yes.)

B.    Whether this matter should be remanded when Defendant has failed to meet its burden of proving that Plaintiffs' cause of action is completely preempted by the National Traffic and Motor Vehicle Safety Act, and, thus, has failed to meet its burden of proving that there is a federal question?

(Suggested answer, yes.)

III.    ARGUMENT

A.    THIS MATTER SHOULD BE REMANDED SINCE DEFENDANT HAS FAILED TO MEET ITS BURDEN OF PROVING THAT THE AMOUNT IN CONTROVERSY AS TO EACH OF THE NAMED PLAINTIFFS EXCEEDS THE DIVERSITY JURISDICTIONAL THRESHOLD OF $75,000.

The standards for reviewing a removal based on diversity jurisdiction are well established. A removing Defendant bears the burden of proving that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and

costs.  See Lennon v. Bridgestone/Firestone, Inc., 2000 WL 1570645, *1 (E.D.Pa. 2000); Russ v. State Farm Mut. Auto Ins. Co., 961 F. Supp. 808, 810 (E.D.Pa. 1997); Neff v. General Motors Corp., 163 F.R.D. 478, 480 (E.D.Pa. 1995).  The removal statute is strictly construed so as to implement Congressional intent to restrict diversity litigation in the Federal Courts.  See Meritcare, Inc. v. St. Paul Mercury Insur. Co., 166 F.3d 214, 217 (3d Cir 1999); Lennon, 2000 WL 1570645, *1.  All doubts concerning the existence of federal jurisdiction must be resolved in favor of remand.  See Lennon, 2000 WL 1570645 *1; Neff, 163 F.R.D. at 481.

In a case removed from state Court, there is a strong presumption that the Plaintiff has not claimed an amount large enough to confer federal jurisdiction.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Neff, 163 F.R.D. at 481. It is the removing Defendant who bears the burden of proving that the value of the rights being litigated exceeds the jurisdictional threshold.  See Lennon, 2000 WL 1570655, *2; Dorian v. Bridgestone/Firestone Inc., 2000 WL 1570627, *2 (E.D.Pa. 2000). Inasmuch as the separate claims of each class member cannot be aggregated to meet the jurisdictional amount, the Defendant bears the burden of proving that the claims of each of the named Plaintiffs meets the jurisdictional threshold of $75,000.  See Russ, 961 F. Supp. at 811-819.

In the event the Complaint in question sets forth an unliquidated claim, the amount in controversy is to be measured by a reasonable reading of the value of the rights being litigated. See Angus v. Shiley, Inc. 989 F.2d 142, 146 (3d Cir 1993); Lennon, 2000 WL 1570645, *2.  For purposes of assessing the amount in controversy, claims for attorneys fees must be distributed pro rata to all named and unnamed class members.  See Lennon, 2000 WL 1570645; McNamara v. Philip Morris, 1999 WL 554592, (E.D.Pa. 1999).

In the present case, Plaintiffs' Complaint sets forth an unliquidated claim. Defendant's argument that the jurisdictional threshold has been met rests primarily on its assertion that a portion of the relief clause of Plaintiffs' Complaint requests "appropriate payment for the value of said [Crown Victoria] vehicles, or replacement of said vehicles," that such an appropriate payment is necessarily the value of a new Police Interceptor, which exceeds $20,000, and thus, given the number of vehicles owned by each of the Plaintiffs in this matter, that the amount in controversy necessarily exceeds $75,000. (See Notice of Removal, paragraph 15.)

The fatal flaw with Defendant's argument on this point is that it completely ignores the standard set forth above that, in the case of an unliquidated claim, the amount in controversy must be measured by a "reasonable reading" of the value of the rights being litigated. See Lennon, 2000 WL 1570645, *2. Plaintiffs' Complaint sets forth three possible theories of liability against the Defendant, strict liability, negligence, and breach of warranty. Under Pennsylvania law, the only damages that Plaintiffs are entitled to under the strict liability and negligence theories are those damages proximately caused by the defect in the vehicles. There is no allegation in Plaintiffs' Complaint that any of the Plaintiffs have replaced or have to replace any of the vehicles in question because of the defect. As such, there is no possible way that an "appropriate payment" in this matter, that is, a payment that is appropriate under the law, would be in an amount based on the cost of a new replacement vehicle under the strict liability and negligence theories.

Plaintiffs' damages with regard to the breach of warranty action are controlled by the Uniform Commercial Code as adopted in Pennsylvania. Pursuant to the Code, the measure of damages in a matter such as this is the difference at the time of delivery between the value of the vehicle as delivered and the value it would have had if it had been in the condition as warranted,

unless special circumstances show proximate damages of a different amount.  See 13 Pa.C.S.A. section 2714 (b); Kruse v. Chevrolet Motor Division of the General Motors Corp., 1997 WL 408039 (E.D.Pa. 1997).  This difference in value is typically measured by the cost of repair.  See Kruse, 1997 WL 408039, *1.   13 Pa.C.S.A. section 2715 (c) provides that incidental and consequential damages may also be recovered.

In the present case, Plaintiffs have not alleged any incidental or consequential damages other than the cost of repair associated with the defect.  Plaintiffs have also not alleged any special circumstances or alleged any proximate damages arising from any special circumstances which would warrant award of an amount different than the standard measure of damages in a breach of warranty matter.  As such, the "appropriate payment" being sought by Plaintiffs is not reasonably measured by the value of a new replacement vehicle, but by the cost of repair of the defect.  In its Notice of Removal, Defendant submits that the fuel tanks of Police Interceptors have been repaired by at least one municipality at a cost of just over $1,700 per vehicle.  (See Notice of Removal, paragraph 17.)  In the present case, Plaintiff, East Norriton Township, was the owner of nine Police Interceptors as of the time Plaintiffs' Complaint was filed.  (East Norriton has subsequently sold three of the vehicles pursuant to their normal policy of vehicle rotation.)  At $1,700 per vehicle, the cost of the repair described by Defendant for those nine vehicles totals only $15,300.

In short, a reasonable reading of the value of the rights being asserted by Plaintiffs is that, under controlling Pennsylvania law, the appropriate payment requested by Plaintiffs will be directly related to the cost of repair of the vehicles.  The Defendant, which has the burden in this matter, has provided a cost of repair which shows the total claim of at least one of the named

Plaintiffs to be just over $15,000, an amount far below the diversity jurisdictional threshold required to support removal.

Defendant submits that claims of attorneys fees and of punitive damages must also be considered by this Court in assessing whether or not the diversity jurisdictional threshold has been met and that, when added to Plaintiffs' claims for compensatory damages, the amount claimed for attorneys fees and punitive damages would place the value of this matter above the jurisdictional threshold.

As to attorneys fees, it is certainly true that Plaintiffs have made a claim for attorneys fees. However, if the value of Plaintiff East Norriton Township's claim for compensatory damages is just over $15,000, based on the repair cost figures supplied by Defendant, there simply is no way that the Court would support an award of attorneys fees in an amount sufficient to bring that Plaintiff's claim above the $75,000 threshold. Moreover, as set forth above, in assessing the amount in controversy in a class action, attorneys fees must be distributed pro rata to all named and unnamed class members. See McNamara 1999 WL 554592, *2. In the present case, there are over 60 municipalities within Montgomery County which fall within the class described in Plaintiffs' Complaint.[1] As such, the attorneys fees attributable to the named Plaintiffs in this matter will be so diluted as to not be a significant factor in determining the jurisdictional threshold.

As to the issue of punitive damages, Plaintiffs' Complaint simply does not assert a right or claim to punitive damages. As such, no reasonable reading of the value of this matter should include a consideration of punitive damages.

---

[1] Source is the 2001 edition of municipalities listings compiled by the Commonwealth Department of Transportation and Department of Community and Development.

This Court, in determining whether or not the diversity jurisdictional threshold has been met, is free to consider evidence outside the pleadings. See Coregis Ins. Co., v. Schuster, 127 F. Supp. 2d 683, 686 (E.D.Pa. 2001). One such piece of evidence for this Court to consider on this issue is the fact that, just eight days after the filing of the initial Complaint in this matter, and prior to the filing of the Notice of Removal in the present matter, Plaintiffs filed a second class action Complaint concerning the Police Interceptors with the Montgomery County Court of Common Pleas. A true and correct copy of that Complaint is attached hereto marked Exhibit "A" and made a part hereof. That Complaint differs from the first Complaint in two material respects. First of all, the Complaint expands the identified class to include municipalities throughout the entire state of Pennsylvania, excluding Philadelphia and Pittsburgh. Secondly, and most importantly for the purposes here, the Complaint contains the specific averment that none of the Plaintiffs' damages exceed the sum of $75,000. While that averment is not binding upon the Court in the present matter, it is certainly compelling evidence that the Plaintiffs in the present matter have not claimed an amount large enough to confer federal jurisdiction.

In light of all the foregoing, Defendant has failed to meet its burden of proving that the amount in controversy in the present matter exceeds the diversity jurisdiction threshold, and this matter should be remanded.

B.     THIS MATTER SHOULD BE REMANDED SINCE DEFENDANT HAS FAILED TO MEET ITS BURDEN OF PROVING PLAINTIFFS' CAUSE OF ACTION IS COMPLETELY PREEMPTED BY THE NATIONAL TRAFFIC AND MOTOR VEHICLE SAFETY ACT, AND, THUS, HAS FAILED TO MEET ITS BURDEN OF PROVING THAT THERE IS A FEDERAL QUESTION.

As is the case with diversity jurisdiction, the general standards for reviewing a removal based on federal question jurisdiction are well established.

> The general rule for determining the existence of federal question jurisdiction is whether or not a federal question is presented on the face of a plaintiff's well-pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A case may not be removed to federal court on the ground that the complaint gives rise to a defense under federal law. See id. There is a corollary to the well-pleaded complaint rule. It is the complete preemption doctrine. See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542, 95 L.Ed.2d 55 (1987). The doctrine is applicable when Congress "so completely pre-empt[s]" an area of law such "that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63-64. In the absence of clear evidence of an actual conflict between the state law at issue and federal legislative policy or congressional intent to preempt an entire field, a formal statement of agency preemptive intent must exist before complete preemption can be invoked. See Geier v. American Honda Motor Co., Inc., --- U.S. ----, ----, 120 S.Ct. 1913, 1927, 146 L.Ed.2d 914 (2000); Pokorny v. Ford Motor Co., 902 F.2d 1116, 1119, 1122-23 (3d Cir. 1990).

> Lennon, 2000 WL 1570645, *3.

Complete preemption is considered an extraordinary doctrine. See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 65(1987); Burgo v. Volkswagon of America, 183 F. Supp. 2d 683, 687 (D.N.J. 2001). The Third Circuit, recognizing the narrow scope of the complete preemption doctrine, has established a two-part test for determining whether a federal statute so completely preempts state law that federal question jurisdiction is established. See Railway Labor Execs. Assoc. v. Pittsburgh and Lake Erie RR Co., 858 F.2d 936, 941-42 (3d Cir. 1988). The burden of establishing that the two-part test has been satisfied is on the Defendant. Neff, 163 F.R.D. at 481.

Under the two-part test set forth in Railway Labor, the Court must first consider "whether the statute relied upon by the Defendant as preemptive contains civil enforcement provisions within the scope of which the Plaintiffs state claim falls." Railway Labor, 858 F.2d at 942. Even if this first part of the test is satisfied, there must also be "clear indication of a Congressional

intention to permit removal despite the Plaintiffs exclusive reliance on the state law." See Id. Absent this clear indication of Congressional intent, the matter cannot be removed to federal Court. See Id.

In the present case, Defendant maintains that federal question jurisdiction has been raised because Plaintiffs' request for relief discusses a recall of the Police Interceptors in question which, according to Defendant, "necessarily implicates the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. section 30118, et sic." (See Notice of Removal, paragraph 24). As set forth above, Defendants position is only tenable if it can prove that Plaintiffs' request for relief is completely preempted by the Motor Vehicle Safety Act. Interestingly enough, Defendant does not cite a single case out of this District or from a court anywhere in the Third Circuit in support of its position. The reason for this is quite simple, the courts of this District, and within the Third Circuit, have consistently refused to apply the complete preemption doctrine in cases involving motor vehicle defects. See, e.g., Lennon, 2000 WL 1570645; Burgo 183 F.Supp. 2d 683; Nolan v. Cooper Tire and Rubber Co., No. 01-83 (E.D. Pa. 2001) (slip opinion).

A situation virtually identical to the present matter was addressed by the court in Burgo, in which the Plaintiffs, among other things, sought relief in the form of a recall of certain defective tires. As was determined by the court in Burgo, even in the case of a complaint which requests a recall, the two-part test for determining application of the complete preemption doctrine set forth in Railway Labor is not satisfied and federal question jurisdiction is not established.

As set forth above, the first part of the test established by Railway Labor is whether the statute relied upon by the Defendant contains civil enforcement provisions available to the Plaintiff. See Railway Labor, 858 F.R.D. at 942. As recognized by the Court in Burgo, the

National Traffic and Motor Vehicle Safety Act unquestionably provides appropriate federal agencies with the power to recall defective vehicles. However,

> Nowhere, ... does the statute provide a federal cause of action for parties seeking a remedy for violations of the Act. Instead, the MVSA authorizes the Attorney General to bring a civil action in federal court to enjoin violations of the Act, or of regulations or orders issued by the Secretary of Transportation. *689 Id. § 30163(a). Moreover, any civil penalties imposed for violations of the MVSA are paid not to private parties, but to the United States. Id. § 30165(a). Entirely absent from this framework is the right of individuals to bring suit in federal court seeking a recall, or similar injunctive relief.

> Burgo, 183 F. Supp. 2d at 688-689.

Accordingly, in the absence of a private right of the Plaintiffs to force a recall of the Police Interceptors in this case, the first part of the two-part Railway Labor test is not satisfied. The mere fact that a recall has been set forth as requested relief cannot provide jurisdiction for removal.

In addition, although this Court need not conduct such an analysis, the second part of the Railway Labor test also is not satisfied by the circumstances of the present matter. As set forth above, under the second part of the Railway Labor test, even if there is a private cause of action under the statute in question, there must be "clear indication of a Congressional intention to permit removal despite the Plaintiffs exclusive reliance on state law." See Railway Labor, 858 F.R.D. at 942.

Burgo identifies at least two portions of the National Traffic and Motor Vehicle Safety Act which counter any notion that there is a clear indication of Congressional intention to permit removal jurisdiction of claims of the type raised by Plaintiff in this case. First of all, 49 U.S.C. section 30103 (e), commonly referred to as the "savings clause", provides that "compliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from

liability at common law." This statement, in and of itself, creates serious question as to the intent of Congress to pre-empt the entire area of automobile safety and, thus, prevents any finding of a clear indication of Congressional intention to permit removal. See Burgo, 183 F. Supp. 2d. at 689.

In addition, 49 U.S.C. section 30103 (d), provides that a recall under the act does not displace "any rights and remedies under other laws of the United States or a state." This language demonstrates Congress' desire to preserve the role of the states in automobile safety efforts, and, just like the language in section 30103 (e) cited above, simply cuts against any notion of a clear intention of Congressional intention to completely pre-empt the area of automotive safety and to permit removal. Id.

In light of all of the foregoing, Defendant has failed to meet its burden of demonstrating complete preemption and thus has failed to meet its burden of demonstrating that removal based on federal question jurisdiction is appropriate.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN


By: _____

Dated: _____                    Edward Rubin, Esquire

012081402

EDWARD RUBIN, ESQUIRE                                    20,854-000
IDENTIFICATION NO. 09516
HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
375 MORRIS ROAD
P.O. BOX 1479                                            ATTORNEYS FOR
LANSDALE, PA  19446-0773                                 PLAINTIFFS
(215) 661-0400

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTGOMERY TOWNSHIP, | : | Civil Action No. 02-CV-4710 |
| MONTGOMERY TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| EAST NORRITON TOWNSHIP, and | : | |
| EAST NORRITON TOWNSHIP | : | |
| POLICE DEPARTMENT | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| FORD MOTOR COMPANY | : | |
| Defendant | : | |

### CERTIFICATE OF SERVICE

I, Edward Rubin, of HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, counsel for Plaintiffs, hereby certify that, on the date listed below, I have served a true and correct copy of the attached Plaintiff's Motion for Remand and supporting Memorandum of Law upon Robert Toland, II, Esquire, counsel for Defendant, by First Class United States Mail (postage duly paid), at Campbell, Campbell, Edwards & Conroy, Three Glenhardie Corporate Center, 1265 Drummers Lane, Suite 200, Wayne, PA 19087.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN


By: _____
        EDWARD RUBIN, ESQUIRE
        Attorney for Plaintiffs

Dated: _____