012082802

| | |
|---|---|
| EDWARD RUBIN, ESQUIRE<br>IDENTIFICATION NO. 09516<br>HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN<br>375 MORRIS ROAD<br>P.O. BOX 1479<br>LANSDALE, PA  19446-0773<br>(215) 661-0400 | 20,854-000<br><br><br><br>ATTORNEYS FOR<br>PLAINTIFFS |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONTGOMERY TOWNSHIP, : Civil Action No. 02-CV-4710
MONTGOMERY TOWNSHIP :
POLICE DEPARTMENT, :
EAST NORRITON TOWNSHIP, and :
EAST NORRITON TOWNSHIP :
POLICE DEPARTMENT :
             Plaintiffs :
 :
  v. :
 :
FORD MOTOR COMPANY :
             Defendant :

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTIONS FOR STAY

I.    CASE BACKGROUND

This matter involves Ford Crown Victoria Police Interceptors ("Police Interceptors") designed, manufactured and sold by Defendant Ford Motor Company for use by police departments.  Plaintiffs filed a class action Complaint on behalf of themselves and other municipalities within Montgomery County, Pennsylvania, who own Police Interceptors, in the Court of Common Pleas of Montgomery County, on July 1, 2002.  Plaintiffs filed a second class action Complaint with the Court of Common Pleas of Montgomery County, Pennsylvania on July 9, 2002.  The second class action is essentially identical to the first class action except that it expands the identity of the class to include all municipalities within Pennsylvania who own Police

Interceptors, other than Philadelphia and Pittsburgh. Plaintiffs' Complaints allege that the Police Interceptors are defective in that the gas tank is improperly located and designed and thus prone to leaks, fires and explosions when the vehicle is struck from behind. This defect has led to several cases of severe burn injuries and deaths of police officers nationwide since 1992.

On July 16, 2002, Defendant filed a Notice of Removal with this Court with regard to the first Complaint filed by the Plaintiffs. Defendant filed a Notice of Removal with regard to the second Complaint, under Court Term and No. 02-CV-5815, on July 31, 2002. Defendant's Notices allege both diversity and federal question jurisdiction. Plaintiffs have filed a Motion for Remand with regard to both matters. Defendant's response to both Motions for Remand is due on or before September 3, 2002.

On July 10, 2002, Defendant filed a Motion for Transfer and Consolidation for Pre-Trial Proceedings with the Judicial Panel on Multi-District Litigation concerning two class actions involving Police Interceptors that had been filed in state court in New Jersey and Texas and which have been removed to federal court by Defendant. On July 30, 2002, Defendant filed an Amended Motion for Transfer and Consolidation for Pre-Trial Proceedings with the Judicial Panel, adding to its Motion the two class actions filed by Plaintiffs as well as a class action that had been filed in state court in Arkansas and which has been removed to federal court by the Defendant.

On August 12, 2002, Defendant filed with this court Motions to Stay both of Plaintiffs' matters, requesting this court to stay all proceedings, including ruling on Plaintiffs' pending Motions for Remand, pending the Judicial Panel's ruling on the Motion for Transfer and Consolidation. Plaintiffs oppose Defendant's request that this court stay a ruling on Plaintiffs'

Motions for Remand. This brief is offered in support of Plaintiffs' position that this court should rule on Plaintiffs' Motions for Remand.

II. ISSUE

Whether this court, before ruling on Defendant's Motions to Stay, should make a threshold determination of jurisdiction by ruling on Plaintiffs' Motions for Remand when this court's ruling on Plaintiffs' Motions for Remand will not work any hardship upon the Defendant, will serve the interests of judicial economy and efficiency, when failing to make a ruling on Plaintiffs' Motions for Remand will prejudice the interests of the Plaintiffs and when this court is otherwise in the best position to rule on Plaintiffs' Motions for Remand?

(Suggested answer, yes.)

III. ARGUMENT

THIS COURT, BEFORE RULING ON DEFENDANT'S MOTIONS TO STAY, SHOULD MAKE A THRESHOLD DETERMINATION OF JURISDICTION BY RULING ON PLAINTIFFS' MOTIONS FOR REMAND SINCE THIS COURT'S RULING ON PLAINTIFFS' MOTIONS FOR REMAND WILL NOT WORK ANY HARDSHIP UPON THE DEFENDANT, WILL SERVE THE INTERESTS OF JUDICIAL ECONOMY AND EFFICIENCY, SINCE FAILING TO MAKE A RULING ON PLAINTIFFS' MOTIONS FOR REMAND WILL PREJUDICE THE INTERESTS OF THE PLAINTIFFS AND SINCE THIS COURT IS OTHERWISE IN THE BEST POSITION TO RULE ON PLAINTIFFS' MOTIONS FOR REMAND.

"The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998),

citing Mansfield, C.&L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). It is fundamental that, without jurisdiction, the court cannot proceed at all in any cause. Steel Company, 523 U.S. at 94.

Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multi-District Litigation specifically provides that the pendency of a motion for transfer "does not affect or suspend orders and pre-trial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Consistent with this Rule and the fundamental concept of establishing jurisdiction as a threshold matter, this district court has previously refused to stay a ruling on a pending motion to remand simply because a motion to transfer has been filed by the defendant with the Judicial Panel on Multi-District Litigation. See Nolan v. Cooper Tire and Rubber Company, 2001 WL 253865 (E.D.Pa. 2001). Many other district courts have done the same. See Smith v. Mailboxes, etc., 191 F.Supp.2d 1155 (E.D.Cal. 2002); Kohl v. American Home Products Corp., 78 F.Supp.2d 885 (W.D.Ark. 1999); Lloyd v. Cabell Huntington Hospital, Inc., 58 F.Supp.2d 694 (S.D.West Virginia 1999); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft (D.Kan. 1999); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F.Supp. 1186 (N.D.Ca. 1997); Spitzfaden v. Dow Corning Corporation, 995 WL 662663 (E.D.La. 1995).

Defendant maintains that this court should consider three factors in determining whether or not it should issue an order to stay all proceedings before it has even made a determination as to whether or not it has jurisdiction over this matter. Those three factors are: 1) hardship to the Defendant if a stay is not granted; 2) potential prejudice to the Plaintiff if the stay is granted; and 3) the judicial resources that can be saved if a stay is granted. (See page 6 of Defendant's Memorandum.)

In support of its position that this court's ruling on Plaintiffs' Motions for Remand will impose a hardship on it, Defendant argues that all of the class actions concerning Police Interceptors presently pending before the Judicial Panel contain jurisdictional issues that are similar, which would mean that Defendant would be obliged to brief the issue several times in several different courts, which could lead to inconsistent results. (See page 7 of Defendant's Memorandum.) Defendant's position is not well taken, however. First of all, Defendant's reply to Plaintiffs' Motions for Remand is due within two business days of the filing of this Memorandum. As such, before this court is even in a position to rule on Defendant's Motions for Stay, Defendant will have completed and filed its reply to Plaintiffs' Motions for Remand. This simple fact completely undercuts any argument Defendant can offer that this court's ruling on Plaintiffs' Motions for Remand would work a hardship upon the Defendant. Secondly, for all intents and purposes, there are only four class actions presently pending before the Judicial Panel (although technically there are five pending class actions, those five include the two filed by Plaintiffs which, as even Defendant concedes, are essentially identical other than as to class identification). This small number of cases is in sharp contrast to the massive volume of cases involved in the two cases cited by Defendant in support of its proposition that "many" other courts have stayed consideration of remand motions while a motion for transfer was pending before the Judicial Panel. (See page 7 of Defendant's Memorandum, citing Washington v. Bayer Corp., 2002 WL 1308590 (E.D.La. 2002) (over 400 cases filed nationwide); Medical Society of the State of New York v. Connecticut General Corp., 187 F.Supp.2d 89 (S.D.NY 2001) ("dozens of actions" involved). Thirdly, Defendant's description of the jurisdictional issues in each of the four cases as being similar is a vast oversimplification. In the cases out of Texas, New Jersey and Arkansas, plaintiffs have filed suit against non-diverse defendants and allegations of fraudulent

joinder have been made. That issue does not exist in the present matters. In addition, the causes of action and relief requested in each of the four actions are quite different and involve application of state law peculiar to each of the four states involved. For example, as discussed in Plaintiffs' Motions for Remand, a ruling on whether or not Defendant has met its burden of proving that the diversity jurisdictional threshold has been met depends upon an analysis of damages available to Plaintiffs under Pennsylvania law. In fact, Defendant, in its own Answers to Plaintiffs' Complaints, admits that the laws of the various states are substantively different with regard to warranty actions and recoverable damages in asserting that class action status should be denied. (See Forty-Second Affirmative Defense: "Plaintiffs' claim to a class action should be denied because the laws of different states vary with regard to implied and express warranty actions, and no nationwide class can be established to apply the law of any single state.") (See also Forty-Third Affirmative Defense: "Plaintiffs' tort-based claims are barred by the economic loss doctrine as applied in some states.") Given the significant differences between the applicable states' laws, as admitted to by Defendant, Defendant is going to be obliged to brief the jurisdictional issues raised in each of the matters separately, whether or not those issues are dealt with by individual district courts, or the Judicial Panel. Finally, given that each of the four actions involve different causes of action, different requested relief, different state laws, and different parties, the analysis of the jurisdictional issues will differ significantly from case to case and, thus, the fact that rulings on remand motions may differ does not mean that they are inconsistent. The mere fact that different results may be reached by different courts under different circumstances simply does not justify this court's abdication of its responsibility of determining whether it has any jurisdiction over this matter to begin with.

Defendant's assertion that a stay of proceedings prior to a ruling on Plaintiffs' Motions for Remand will not prejudice Plaintiffs' legitimate interests simply is untrue. Plaintiffs' action concerns an ongoing threat to the lives of law enforcement officers throughout Pennsylvania, a threat that the Defendant refuses to acknowledge and which the Plaintiffs wish to have eliminated as quickly as possible. As such, any unnecessary delay to Plaintiffs in pursuing their legitimate cause of action has the potential of being prejudicial to the highest possible degree imaginable. In light of this ongoing threat, Defendant's request that Plaintiffs endure what could be a considerable delay, when this matter likely should be remanded to state court, is unconscionable.

Finally, there can be no question but that judicial resources will actually be saved by this court ruling on the pending Motions for Remand. The Motions for Remand before this court involve only one decision to be made by one judge. At worst, assuming motions for remand are pending in Texas, New Jersey and Arkansas, there will be four judges each making one decision. If this court and the other courts grant a stay and do not rule on pending motions for remand, the seven judges of the Judicial Panel will have to determine whether or not a transfer of the four matters is warranted before they could even consider the remand issues in each matter. If a transfer is then ordered, those same seven judges will then have to make four different decisions based on the unique circumstances of each of the four pending remand motions. Under those circumstances, no serious argument can be made that judicial resources will be conserved by this court's staying a decision on Plaintiffs' Motions for Remand. To the contrary, this court's ruling on Plaintiffs' Motions for Remand will conserve judicial resources and eliminate the possibility of the Judicial Panel conducting hearings on a motion to transfer that will likely be rendered moot.

On this same point, it is also important to keep in mind the longstanding principal that "it is preferable for the court most familiar with the applicable state law to decide a diversity case."

See Gross Metal Products, Inc. v. Metal Finishing Fabricators, Inc., 1990 WL 29722, *4 (E.D.Pa. 1990), citing Klaxen Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947).  As such, given that each of the remand motions involve particular questions of state law, the individual district courts within those states are in the best position to rule on the remand issue.  Id.; See also Aetna U.S. Healthcare, Inc., 54 F.Supp.2d at 1047-1048.  There is no better use of judicial resources than to make certain that a decision is made by the court in the best position to make that decision.  In the present matters, the court in the best position to render a decision on Plaintiffs' pending Motions for Remand is this court.

In short, as to Plaintiffs' pending Motions for Remand, an analysis of the three factors identified by the Defendant to be considered by this court in assessing its Motions for Stay leads to the inescapable conclusion that this court should not abdicate its responsibility to rule on the basic issue of its jurisdiction and should make a ruling on Plaintiffs' Motions for Remand.

HAMBURG, RUBIN, MULLIN,<br>
MAXWELL & LUPIN

Dated: _____

By: _____
Edward Rubin, Esquire

012082902

| | |
|---|---|
| EDWARD RUBIN, ESQUIRE | 20,854-000 |
| IDENTIFICATION NO. 09516 | |
| HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN | |
| 375 MORRIS ROAD | |
| P.O. BOX 1479 | ATTORNEYS FOR |
| LANSDALE, PA  19446-0773 | PLAINTIFFS |
| (215) 661-0400 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTGOMERY TOWNSHIP, | : | Civil Action No. 02-CV-4710 |
| MONTGOMERY TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| EAST NORRITON TOWNSHIP, and | : | |
| EAST NORRITON TOWNSHIP | : | |
| POLICE DEPARTMENT | : | |
|     Plaintiffs | : | |
| | : | |
|   v. | : | |
| | : | |
| FORD MOTOR COMPANY | : | |
|     Defendant | : | |

## CERTIFICATE OF SERVICE

    I, Edward Rubin, of HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, counsel for Plaintiffs, hereby certify that, on the date listed below, I have served a true and correct copy of the attached Plaintiff's Memorandum of Law in Opposition to Defendant's Motions for Stay, upon Robert Toland, II, Esquire, counsel for Defendant, by First Class United States Mail (postage duly paid), at Campbell, Campbell, Edwards & Conroy, Three Glenhardie Corporate Center, 1265 Drummers Lane, Suite 200, Wayne, PA 19087.

                                              HAMBURG, RUBIN, MULLIN,
                                              MAXWELL & LUPIN


                                  By: _____
                                      EDWARD RUBIN, ESQUIRE
                                      Attorney for Plaintiffs

Dated: _____