012090502

| | |
|---|---|
| EDWARD RUBIN, ESQUIRE | 20,854-000 |
| IDENTIFICATION NO. 09516 | |
| HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN | |
| 375 MORRIS ROAD | |
| P.O. BOX 1479 | ATTORNEYS FOR |
| LANSDALE, PA  19446-0773 | PLAINTIFFS |
| (215) 661-0400 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTGOMERY TOWNSHIP, | : | Civil Action No. 02-CV-4710 |
| MONTGOMERY TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| EAST NORRITON TOWNSHIP, and | : | |
| EAST NORRITON TOWNSHIP | : | |
| POLICE DEPARTMENT | : | |
|       Plaintiffs | : | |
| | : | |
|   v. | : | |
| | : | |
| FORD MOTOR COMPANY | : | |
|       Defendant | : | |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND

I.   CASE BACKGROUND

This matter is the first of two class actions filed by Plaintiffs involving defective gas tanks in Ford Crown Victoria Police Interceptors ("Police Interceptors") designed, manufactured and sold by Defendant Ford Motor Company for use by police departments.  The second class action Plaintiffs have filed, currently pending before this court at No. 02-CV-5815, is essentially identical to the first class action except that it expands the identity of the class.  Both of Plaintiffs' actions were originally filed with the Court of Common Pleas of Montgomery County, Pennsylvania.  Defendant removed both actions, alleging both diversity and federal question jurisdiction.  Plaintiffs have filed motions for remand and supporting memorandums of law with

regard to both matters and Defendant has filed its responsive memorandums of law. In accordance with this court's order of August 20, 2002, Plaintiffs submit this Supplemental Memorandum as a reply to Defendant's response to Plaintiffs' Motion to Remand.[1]

II.   ISSUES

Plaintiffs believe that their original Memorandum adequately addresses most of the arguments made by Defendant. Accordingly, this Supplemental Memorandum will address only the following two arguments set forth in Defendant's response to Plaintiffs' Motion to Remand:

A.   That Werwinski v. Ford Motor Co., 286 F.3rd 661 (3rd Cir. 2002) is dispositive precedent as to whether the Defendant has met its burden of proving that the diversity jurisdictional threshold has been met in the present matter.

B.   That this court has federal question jurisdiction of this matter because Plaintiffs' claim arises under the National Traffic and Motor Vehicle Safety Act.

III.   ARGUMENT

A.   WERWINSKI v. FORD MOTOR CO. IS NOT DISPOSITIVE PRECEDENT AS TO WHETHER THE DIVERSITY JURISDICTIONAL THRESHOLD HAS BEEN MET IN THE PRESENT MATTER SINCE, IN WERWINSKI, UNLIKE THE PRESENT MATTER, THE PLAINTIFFS EXPLICITLY DEMANDED A RETURN OF THE

---

[1] Defendant's response to Plaintiffs' Motion for Remand begins with a procedural history related to Defendant's pending Motion to Stay. Plaintiffs have already filed a memorandum responsive to the Motion for Stay and will not deal substantively with that issue in this Memorandum. However, Plaintiffs are compelled to point out that Defendant's characterization of the procedural history as it relates to the Motion to Stay is highly misleading. Defendant alleges that there are currently fifteen lawsuits in various federal and state courts alleging that the fuel tank placement in the Police Interceptors is unreasonably dangerous, that "many of these cases" have been removed to federal court and that Defendant has asked the Judicial Panel on Multidistrict Litigation to transfer each of these cases to a single district court. However, counting the two essentially identical actions that Plaintiffs have filed as one, there are only four matters pending before the Judicial Panel. Defendant's attempt to obscure the fact that such a small number of cases are presently pending before the Judicial Panel is a tacit acknowledgment that such a fact significantly undercuts Defendant's argument that this court should stay a ruling on Plaintiffs' Motion to Remand.

PURCHASE PRICE OF THE VEHICLES IN QUESTION AND DID SO PURSUANT TO A PENNSYLVANIA LAW UNDER WHICH THE PURCHASE PRICE OF THE VEHICLES IS THE CORRECT MEASURE OF COMPENSATORY DAMAGES.

In a case removed from state court, there is a strong presumption that the plaintiff has not claimed an amount large enough to confer federal jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Neff v. General Motors Corp., 163 F.R.D. 478, 480 (E.D.Pa. 1995). In the event the complaint in question sets forth an unliquidated claim, the amount in controversy is to be measured by a reasonable reading of the value of the rights being litigated. See Angus v. Shiley, Inc., 989 F.2d 142, 146 (3rd Cir. 1993); Lennon v. Bridgestone/Firestone, Inc., 2000 WL 1570645, 2 (E.D.Pa. 2000). It is the removing defendant who bears the burden of proving that the value of the rights being litigated exceeds the jurisdictional threshold. See Lennon, 2000 WL 1570645, 2; Dorian v. Bridgestone/Firestone Inc., 2000 WL 1570627, *2 (E.D.Pa. 2000). All doubts concerning the existence of federal jurisdiction must be resolved in favor of remand. See Lennon, 2000 WL 1570645, *1; Neff, 163 F.R.D. at 481.

In the present matter, Plaintiffs' Complaint requests, in part, "appropriate payment for the value of said [Crown Victoria] vehicles, or replacement of said vehicles." Defendant argues that, pursuant to Werwinski v. Ford Motor Co., 286 F.3rd 661 (3rd Cir. 2002), this language is sufficient for it to meet its burden of proving that the diversity jurisdictional threshold has been met. Defendant's reliance on Werwinski is misplaced, however.

In Werwinski, the plaintiffs alleged that certain automobiles manufactured by the defendant contained defective transmissions. Plaintiffs sued for breach of express warranty, breach of implied warranty, fraudulent concealment and, most importantly, violations of Pennsylvania's

Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  In their complaint, plaintiffs demanded compensatory damages in the form of a return of "all or part of the sums paid to purchase their automobiles" and further demanded "that defendant disgorge, for the benefit of the class, its ill-gotten profits received from the sale or lease of the subject vehicles and/or make full restitution to the Named Plaintiffs and the other members of the Class."  Id at 666-667.  Defendant removed the case to federal court and plaintiffs filed a motion to remand, indicating in their motion to remand that they were seeking only repair costs and that, as such, the individual claims would not exceed the diversity jurisdictional threshold.  The Third Circuit, however, found that the diversity jurisdictional threshold had been met given the explicit request of plaintiffs for a return of the purchase price and the fact that, pursuant to the UTPCPL, the vehicles' purchase price is the correct measure of compensatory damages.  Id. At 667-670.

In essence, Werwinski establishes a two-step process for the court to employ in determining a reasonable reading of the value of the rights being litigated.  The first step is simply to determine the nature of the relief requested on the face of the complaint.  The second step is to determine whether or not the relief requested is available as compensatory damages under applicable law.  Application of that process to the circumstances of the present matter does not support Defendant's argument that it has met its burden of proving that the diversity jurisdictional threshold has been met.

In Werwinski, the plaintiffs explicitly requested a return of the purchase price of the vehicles in question as well as other restitution from the defendant.  Contrary to Defendant's assertion in the present matter, Plaintiffs' Complaint does not contain an explicit request for damages equal to the replacement cost of the vehicles in question.  Such a request could have been very simply stated if it was Plaintiffs' intention to do so.  Instead, Plaintiffs' Complaint

requests only an "appropriate payment for . . . replacement of [the Police Interceptors]". As set forth at length in Plaintiffs' original Memorandum, under the circumstances of the present matter, an "appropriate payment", that is, a payment that is appropriate under Pennsylvania law, could not be based on the replacement cost of the vehicles in question. As such, Plaintiffs' request for an "appropriate payment" cannot be reasonably read as demanding damages based on the replacement cost of the vehicles in question.

Moreover, under the two-step process set forth in Werwinski, even if this court accepts Defendant's characterization of Plaintiffs' request for relief as including a request for the replacement cost of the vehicles in question, this court would then have to determine whether or not such a claim is an appropriate measure of damages under the liability theories relied upon by the Plaintiffs. Plaintiffs have raised claims based on negligence, strict liability and breach of warranty. As set forth in Plaintiffs' original Memorandum, Plaintiffs are not entitled to the replacement cost of the vehicles in question under Pennsylvania law under any of those theories. Instead, Plaintiffs' damages will be measured by the difference at the time of delivery between the value of the vehicles as delivered and the value they would have had if it had been in the condition as warranted, a difference in value typically measured by the cost of repair (See Plaintiffs' original Memorandum page 4-5). Defendant has not cited a single case or statute which contradicts Plaintiffs' reading of Pennsylvania law on this point. Instead, Defendant's argument relies completely on Werwinski. However, in Werwinski, unlike in the present case, plaintiffs were proceeding under the UTPCPL, a statute under which the appropriate measure of damages is the return of a vehicle's purchase price, the very relief requested by the Werwinski plaintiffs. Defendant has failed to identify any corresponding right of Plaintiffs in the present matter to damages equal to the replacement cost of the vehicles based on their theories of liability.

In short, Defendant has attempted to meet its burden of proving that a reasonable reading of the value of the rights being litigated exceeds the diversity jurisdictional threshold based on Werwinski. Given that Werwinski involved a far broader claim for relief than that involved in the present matter and, most importantly, unlike the present matter, involved a Pennsylvania law which recognized the claimed relief as appropriate compensatory damages, Defendant's reliance on Werwinski is misplaced and Defendant has failed to meet its burden of proving that this matter meets the diversity jurisdictional threshold.

B.  PLAINTIFFS' CLAIM DOES NOT ARISE UNDER FEDERAL LAW SO AS TO CREATE FEDERAL QUESTION JURISDICTION SINCE PLAINTIFFS' LIABILITY THEORIES DO NOT INVOLVE, IN ANY WAY, THE APPLICATION OR INTERPRETATION OF THE NATIONAL TRAFFIC AND MOTOR VEHICLE SAFETY ACT ("MVSA") AND SINCE THE MVSA DOES NOT PROVIDE PLAINTIFFS WITH A PRIVATE CAUSE OF ACTION.

Plaintiffs' original Memorandum discusses, at some length, Plaintiffs' position that there is no federal question jurisdiction in this matter because Defendant has failed to meet its burden of proving that Plaintiffs' cause of action is completely preempted by the MVSA. In its Memorandum, Defendant, independent of the complete preemption argument, argues that this matter involves the MVSA and thus is a matter that arises under federal law. Defendant does not cite any authority from the Third Circuit or this District in support of its position. However, the Third Circuit, relying on Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229 (1986), has already spoken on this issue at length as follows:

> "While the Supreme Court has said 'a case may arise under federal law where the vindication of a right under state law necessarily turned on some construction of federal law', the court has indicated that statement

'must be read with caution.'"
Merrell Dow, 106 S.Ct. at 3232 (quoting Franchise Tax Board, 103 S.Ct. at 2846).  Thus the "vast majority" of cases for which original federal question jurisdiction exists "are those in which federal law creates the cause of action." Merrell Dow, 106 S.Ct. at 3232.  "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Id. at 3234.

Smith v. Industrial Valley Title Insurance Company, 957 F.2d 90 (3rd Cir. 1992).  In the absence of a private, federal remedy for violation of a federal statute, the mere fact that a federal statute may be involved in a matter is insufficiently substantial to confer federal question jurisdiction. See Merrell Dow, 106 S.Ct. at 3235; Smith at 93.

In the present matter, the MVSA is at issue only because Defendant has raised its existence as part of a complete preemption argument.  Plaintiffs' claims are based on simple negligence, strict liability and breach of warranty theories under state law and in no way involve the application or interpretation of the MVSA.  Moreover, even if Plaintiffs' cause of action did involve the MVSA, Defendant itself concedes that there is no private cause of action available to Plaintiffs under the MVSA.  (See Defendant's Memorandum at page 22.)  As set forth in Merrell Dow and Smith, in the absence of such a private cause of action, there is no federal question jurisdiction.  Merrell Dow, 106 S.Ct. at 3235; Smith, at 93.

At least one court in this circuit has applied Merrell Dow to a matter that involved a specific allegation of a violation of the MVSA.  See Coardes v. Chrysler Corp., 785 F.Supp. 480 (D.Del. 1992).  In Coardes, plaintiffs filed a negligence, strict liability and breach of warranty action in state court alleging, among other things, that the defendant failed to provide certain warnings as required by the MVSA.  Based on the allegation of a violation of the MVSA, the defendant attempted to remove the matter to federal court based on the grounds that the plaintiffs'

case arose under federal law.  The district court, applying Merrell Dow, ruled that remand was appropriate because plaintiffs' case was based on negligence, strict liability and breach of warranty theories under state law and because the MVSA did not provide plaintiffs with a private cause of action.  Id. at 482-483.

In the present matter, Plaintiffs have not even alleged a violation of the MVSA or that it is at all at issue.  Accordingly, under the clear state of the law as set forth in Merrell Dow, Smith and Coardes, Defendant has failed to establish that this matter arises under federal law so as to create federal question jurisdiction.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _____
Edward Rubin, Esquire

Dated: _____

012090402

| | |
|---|---|
| EDWARD RUBIN, ESQUIRE | 20,854-000 |
| IDENTIFICATION NO. 09516 | |
| HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN | |
| 375 MORRIS ROAD | |
| P.O. BOX 1479 | ATTORNEYS FOR |
| LANSDALE, PA  19446-0773 | PLAINTIFFS |
| (215) 661-0400 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTGOMERY TOWNSHIP, | : | Civil Action No. 02-CV-4710 |
| MONTGOMERY TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| EAST NORRITON TOWNSHIP, and | : | |
| EAST NORRITON TOWNSHIP | : | |
| POLICE DEPARTMENT | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| FORD MOTOR COMPANY | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Edward Rubin, of HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, counsel for Plaintiffs, hereby certify that, on the date listed below, I have served a true and correct copy of the attached Plaintiff's Supplemental Memorandum of Law in Support of Plaintiffs' Motion to Remand, upon C. Scott Toomey, Esquire, counsel for Defendant, by First Class United States Mail (postage duly paid), at Campbell, Campbell, Edwards & Conroy, Three Glenhardie Corporate Center, 1265 Drummers Lane, Suite 200, Wayne, PA 19087.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN


By: _____
EDWARD RUBIN, ESQUIRE
Attorney for Plaintiffs

Dated: _____